AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*June 09, 2021*

Nathan Ochsner, Clerk of Court

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Samsung Galaxy Cell Phone, IMEI: 35243259055218
Samsung Galaxy Cell Phone, IMEI: 353694850708879
Samsung Galaxy Cell Phone, IMEI: 355602111230375

)
)
)
)
)
)

Case No. **3:21-mj-154**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference).

located in the _____ Southern _____ District of _____ Texas _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, Section 841 and 846 | Conspiracy to Possess Controlled Substance with Intent to Distribute |
| Title 18, Section 1956 | Conspiracy to Launder Monetary Instruments |

The application is based on these facts:

(See the Affidavit In Support of Search Warrant)

❑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Forrest Gandy, FBI Task Force Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ Telephone _____ *(specify reliable electronic means).*

Date: _____ 6-9-21 _____

_____
*Judge's signature*

City and state: Galveston, Texas

Hon. Andrew M. Edison, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

IN THE MATTER OF THE SEARCH OF:

Samsung Galaxy Cell Phone
IMEI: 35243259055218

Samsung Galaxy Cell Phone
IMEI: 353694850708879

Samsung Galaxy Cell Phone
IMEI: 355602111230375

Case No. **3:21-mj-154**

**Filed Under Seal**

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, **Forrest Gandy**, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.     This affidavit supports an application for a warrant to search and seize evidence from: one (1) Samsung cellular phone bearing Mobile Equipment Identifier ("MElD") number 35243259055218 ("Target Telephone #1"); one (1) Samsung Cell Phone, bearing International Mobile Equipment Identifier ("IMEI") number 353694850708879; one (1) Samsung Cell Phone, bearing International Mobile Equipment Identifier ("IMEI")  number 355602111230375, currently in the possession of the Federal Bureau of Investigation, 1 Justice Park, Houston, Texas, and more particularly described in Attachment A, incorporated herein.

2.     I am a Peace Officer with thirteen (13) years of service and am currently commissioned with the **La Marque Police Department (LMPD)** and assigned as a Task Force Officer (TFO) with the **Federal Bureau of Investigation (FBI)**.  I have participated in investigations of drug trafficking and have conducted or participated in surveillance operations,

the executions of search warrants, debriefings of informants, cooperating defendants, and cooperating witnesses, and reviews of taped conversations. Through my training, education and experience, I have become familiar with the manner in which drug traffickers conduct their operations, including but not limited to, their methods of importing and distributing controlled substances, use of telecommunication devices to include cellular telephones, use of counter surveillance techniques, and use of numerical codes and coded and/or cryptic language, words, and references to conduct their transactions.

3.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, §§ 841 and 846, in addition to Title 18, United States Code 1956(a)(1)(B)(i) and (h) (the **"Target Offenses"**) have been committed by **SMITH Jones** and **LEKISHA Jones**. There is also probable cause to believe that that within the items described in paragraphe 1, there is (1) evidence of the crime; (2) fruits of a crime· and (3) property designed for use, intended for use, or used in committing a crime.

## PROBABLE CAUSE

5.      On March 25, 2021, agents with the Federal Bureau of Investigation (FBI), the FBI Safe Streets Task Force and the La Marque Police Department served a federal search warrant on the residence of **SMITH Jones** and **LEKISHA Jones**, located at 14822 Sparkling Bay Lane, Houston, Texas. An arrest warrant, pursuant to a Federal Indictment, was also served

2

on both **SMITH Jones** and **LEKISHA Jones**. **SMITH Jones** was charged with Conspiracy to Distribute Cocaine and Possession of Cocaine with Intent to Distribute. Further, **SMITH Jones** and **LEKISHA Jones** were both charged with Conspiracy to Launder Monetary Instruments.

6.    During the course of the search on **SMITH Jones** and **LEKISHA Jones'** residence, investigators seized a significant quantity (approximately 127 grams) of powder cocaine, digital scales with suspected cocaine residue, and approximately $60,000 in U.S. currency. The suspected cocaine, currency, and scales were primarily located in the master bedroom, shared by **LEKISHA Jones** and **SMITH Jones,** and the kitchen.

7.    In addition to the cocaine, scales, and currency, several cellular telephones and tablets were located and seized from inside the residence, described in paragraph 1. Based upon my knowledge of the investigation and the evidence recovered from inside the residence, I believe that **SMITH Jones** and **LEKISHA Jones** were involved in an ongoing conspiracy to distribute cocaine and launder the proceeds derived from the drug sales.

8.    During the course of the investigation, which involved controlled drug purchases, the use of pole cameras, physical surveillance, traffic stops, and multiple Title III Wiretaps, **SMITH Jones** utilized multiple cellular phones and mobile devices to facilitate his drug sales. I know that **SMITH Jones** frequently changed cellular telephone devices and cell phone numbers, in an effort to thwart law enforcement and avoid detection by law enforcement. Further, I know that **SMITH Jones** utilized said cellular devices to communicate with **LEKISHA Jones** and other co-conspirators.

9.    Accordingly, based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that evidence concerning the narcotics activities of

3

**SMITH Jones**, **LEKISHA Jones** and their co-conspirators, such as telephone numbers, made and received calls, contact names, electronic mail (email) addresses, appointment dates, messages, pictures, destinations, travel routes, and other digital information are stored in the memory of **Target Telephones** described herein.

## METHODOLOGY

10.     It is not possible to determine, merely by knowing make model and serial number of the cellular telephone, the nature and type of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the

process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

11.    Based on the foregoing, and consistent with Rule 41 (e) (2) (B), the warrant, I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

12.    Following the issuance of this warrant, I will collect the subject cellular telephones, and subject them to analysis. All forensic analysis of the data contained within the telephones and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

13.    Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

14.    *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

15.    Based on all of the facts and circumstances described above, I believe that probable cause exists to conclude that defendants **SMITH Jones** and **LEKISHA Jones** used

5

the Target Telephones to facilitate their involvement in a conspiracy to distribute cocaine and conspiracy to launder monetary instruments. Target Telephones were likely used to in furtherance of violations of Title 21, United States Code, Sections 841 and 846. Target Telephones were likely used to in furtherance of violations of Title 18, United States Code, Section 1956. I also believe that probable cause exists to believe that evidence, fruits and instrumentalities of illegal activity committed by **SMITH Jones and LEKISHA Jones** continues to exist on **Target Telephones**. WHEREFORE, I request that the court issue a search warrant for the items in paragraph 1 to seize the evidence in Attachment B.

Respectfully submitted,

TFO Forrest Gandy
Federal Bureau of Investigation

Subscribed and sworn to before me telephonically on this ___9___ day of ___June___, 2021, and I find probable cause.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

6

## ATTACHMENT A

### Property to Be Searched

one (1) Samsung cellular phone bearing Mobile Equipment Identifier ("MElD") number 35243259055218 ("Target Telephone #1"); one (1) Samsung Cell Phone, bearing International Mobile Equipment Identifier ("IMEI")  number 353694850708879; one (1) Samsung Cell Phone, bearing International Mobile Equipment Identifier ("IMEI")  number 355602111230375, currently in the possession of the Federal Bureau of Investigation, 1 Justice Park, Houston, Texas

**ATTACHMENT B**

All records to be searched for and seized on the Target Telephones described in Attachment A relates to conspiracy to distribute cocaine, in violation of Title 21, United States Code, Sections 841 and 846, and conspiracy to launder monetary instruments, in violation of Title 18, United States Code, Section 1956, which involves **SMITH Jones** and **LEKISHA Jones** and others, including:

1. Communications, records, and/or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

   a. tending to indicate efforts to conspire to distribute cocaine and launder monetary instruments in the United States;

   b. tending to identify other co-conspirators;

   c. tending to identify types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   d. tending to identify amounts of drugs obtained and amounts owed by specific co-conspirators

   e. tending to identify other facilities, storage devices, or services-such as email addresses, IP addresses, phone numbers-that may contain electronic evidence tending to indicate efforts to conspire to distribute methamphetamine in the United States;

   f. tending to identify co-conspirators, criminal associates, or others involved in the conspiracy to distribute cocaine in the United States;

   g. tending to identify travel to or presence at locations tending to indicate the preparation or execution of the conspiracy to distribute cocaine in the United States;

2

h.  tending to identify the user of, or persons with control over or access to, the Target Telephones set forth in Attachment A; or

i.  communications, records, or data tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of, the items listed above.